Moncure, P.,
delivered the opinion of the court.
This is a supersedeas to a judgment of the circuit court of the county of Prince Edward, rendered in an action of assumpsit, brought by Peter Trear against the Southern Mutual Insurance Company, on a policy of insurance whereby the said company, in consideration of a cash premium of $30, and a premium note of $63.75, received by said company from said Trear, insured the said Trear against loss or damage by fire and lightning to the amount of $1,500, on his dwelling-house in said county, from the 6th day of August, 1872, (at 12 o’clock at noon), unto the 6th day of August, 1877, (at 12 o’clock at noon). The declaration was in the general form authorized by the statute, and the said policy, which was referred to in and filed therewith, was in the usual form. It was averred in the declaration, that after the issuing of the said policy, and while it was in full force, to-wit: on the 8th day of April, 1873, the said dwelling-house was wholly destroyed by fire, of which said burning the said defendant had notice, as required in said policy; and that the plaintiff had performed all the conditions, and violated none of the prohibitions, of the said policy. The defendant plead non assumpsit to the action; to which plea the plaintiff replied generally. The issue was tried by a jury, which found a verdict in these words: “We the jury find for the plaintiff, and assess his damages at fifteen hundred dollars, 'with interest from the 24th day of July, 1873, till paid.” Whereupon, the defendant, moved the court to set aside the verdict and grant a new trial, on the ground that the verdict was *contrary to the law and the evidence; which motion the court overruled, and judgment was rendered according to the verdict.
Four bills of exceptions were tendered by the defendants to rulings of the court in the progress of the trial, and were signed and sealed by the court and made a part of the record. These bills of exceptions present all the questions arising in the case, which will be considered in the order in which they arise; at least, such of them as seem to be relied on.
The first bill of exceptions was taken to the action of the court in overruling a motion of the defendants for a continuance. There was no error in this action of the court; but as no reliance seemed to be placed upon this exception by the counsel for the defendant, either in the petition for a supersedeas or in the argument of the case in this court, no further notice will be taken of it here.
The second bill of exceptions states, that on the trial of the cause the plaintiff, Peter Trear, was introduced as a witness, and after stating that Mr. Jones, the agent of the company whose name is signed to the policy, insured the house, on being asked *427 what valuation said Jones put upon the property, the defendant’s counsel objected to the witness relating- anything which occurred between himself and the agent at the time he took the insurance, which objection was overruled by the court, and the witness proceeded and said: “The agent, after examination of the premises, proposed to take it at a valuation of $2,500, the same mentioned in the insurance policy, and witness paid the money down which was required, and gave the note required:” to which ruling of the court, overruling the said objection and admitting the said statement, the defendant excepted.
The objection taken to the testimony referred to in this bill if exceptions is, that it was parol evidence which *was offered to vary or explain the written contract of insurance, and which is inadmissible for such a purpose. Nobody will deny the rule of law as stated by Judge Green in Crawford v. Jarrett, 2 Leigh, 630, that “parol evidence cannot be admitted (unless in cases of fraud or mistake), to vary, contradict, add to, or explain the terms of a written agreement, by proving that the agreement of the parties was different from what it appears by the writing to have been.” Nor, as stated by Judge Baldwin in Watson v. Hurt, 6 Gratt. 633, that “the terms of a written contract cannot be varied by parol evidence of what occurred between the parties previously thereto, or contemporaneously therewith.” 'But it does not appear that this rule was at all violated by the admission of the testimony referred to in this bill of exceptions. It did not at all tend to vary the written contracts of the parties to-wit: the policy of insurance. It is not in conflict with the written contract, but consistent therewith, and in affirmance thereof. The question was as to the value of the property insured at the time of the insurance. The testimony was, that the agent of the company, after examination of the premises, proposed to take it at a valuation of $2,560, the same mentioned in the insurance policy, and the contract was accordingly made upon that basis.
The court is of opinion that the circuit court did not err in overruling the defendant’s motion to exclude the testimony.
The third bill of exceptions states that in the further progress of the trial, the plaintiff introduced a witness, Colonel Joseph T. Ligón, who, having stated that his house was insured in the same company, and by the same agent, Jones, at a valuation of $1,000, and was assessed for taxation only at $500, was asked by plaintiff’s counsel if, when he insured his house, the agent, Jones, asked *what his property cost, or was assessed at for taxation; and that the defendants by counsel objected to any conversation of witness, and the defendants’ agent in insuring witness’ house; and the court overruled the objection to the witness answering the said question, when he replied “No,” and added that agent, Jones, measured his house at time of insuring it, and fixed the valuation thereof, and a policy of $1,000 was effected thereon; to which ruling of the court, in permitting the witness to answer the question, the defendant excepted.
The evidence in regard to what transpired between the agent, Jones, and the witness, Ligón, in the insurance of the property of the latter was, certainly, irrelevant evidence in this action between the plaintiff, Trear, and the Southern Mutual Insurance Company. What so transpired was res inter alios actae; and if objected to by the defendants, it ought therefore to have been excluded. Whether the judgment ought to be reversed for not excluding it, may not be so clear a question. If the only objection to the evidence was its irrelevancy, and it could not possibly have prejudiced the defendants, then the judgment ought not to be reversed, for the error in not excluding it; for to authorize the reversal of a judgment for error in admitting irrelevant evidence, not only must the evidence be irrelevant, but it must be of such a nature as that its admission may have prejudiced the adverse party. If he may have been so prejudiced, even though it be doubtful whether in fact he was so or not, that is a sufficient ground for reversing the judgment.
If in this case the defendant’s motion had been to exclude all the evidence in regard to what transpired between Jones and Ligón, and the court had overruled the motion, such action of the court would not only have been erroneous, but would have been sufficient ground for the reversal of the judgment; for although it was res *inter alios actae, and so not relevant or admissible evidence, and ought not to have had any effect on the minds of the jury, yet it would be impossible to say that it might not have had some effect to the prejudice of the defendants. But the defendant’s motion was not to exclude all the evidence in regard to what transpired between Jones and Ligón. It is stated in the bill of exceptions that in the further progress of the trial “the plaintiff introduced a witness, Colonel Joseph T. Ligón, who having stated that his house was insured in the same ci upany and by the same agent, Jones, at a valuation of $1,000, and was assessed for taxation only at $500,” &c. Now, down to this point in the statement of the witness, there was no objection to his evidence by the defendants. It is then further stated in the bill of exceptions as follows: “Was asked by plaintiff’s counsel if, when he insured his house, the agent Jones asked what his property cost, or was assessed at for taxation, and the defendants, by counsel, objected to any conversation of witness and the defendants’ agent in insuring witness’ house; and the court overruled the objection to the witness answering the said question, when he replied ‘no,’ and added that agent Jones measured his house at time of insuring it, and fixed the valuation thereof, and a policy of $1,000 was affected thereon, to which ruling of the court, in permitting the witness to answer the question, the defendants, by counsel, excepted.” There *428 might have been an answer to the question which might have been prejudicial to the defendants, but the only answer in fact made to it was “no,” which could not have beeh prejudicial to the defendants. To be sure, it is stated in the bill that the witness “added that agent Jones measured his house at time of insuring it, and fixed the valuation thereof, and a policy of $1,000 was affected thereon.” But this was no part of the reply to the question, and the exception was only to the ruling of the court in permitting *the witness to answer the question. It is also stated in the bill that the defendants “objected to any conversation of witness and the defendants’ agent in insuring witness’ house;” but it does not appear that any such conversation was admitted as evidence in the case. All that was said by the witness in answer to the question was “no,” and to add, “that agent Jones measured his house at time of insuring it, and fixed the valuation thereof, and a policy of $1,000 was effected thereon.”
The court is therefore of opinion that while the circuit court erred in permitting the witness to answer the question, such error was not to the prejudice of the defendants, and it not sufficient ground for the reversal of the judgment. To render the admission of illegal evidence sufficient ground for the reversal of a judgment, it must be excepted to, and must be such as may have been prejudicial to the exceptant.
The fourth and last bill of exceptions is to the action of the court in overruling the motion of the defendants to set aside the verdict as being contrary to the law and the evidence.
The question before the jury upon the evidence was only as to the question of the damages, and though the court, if on the jury, might have been for a much less amount of damages than was found by the jury, yet it was a question of fact for the jury, and there was evidence before them tending to show that the amount of damages actually sustained was at least equal to the amount found by the jury. Although there was also evidence before the jury strongly tending to show that the building insured was actually of much less value than that at which it was fixed by the agent of the defendants at the time of the insurance, and even than that at which it was estimated by the jury assessing the damages in the case, yet the verdict of the jury was legally warranted *by the evidence, and cannot, therefore, be set aside by the court upon the ground that it is contrary to the law and the evidence.
The _ court is therefore of opinion that •there is no error in the judgment to the prejudice of the defendants, and the same is accordingly affirmed.
Judgment affirmed.